No. 20,329.

E. C. BECKLEY, *Appellant*, v. FRED BECKLEY et al., *Appellees*, and MAUDE TROMBLER et al., *Appellants*.

### SYLLABUS BY THE COURT.

DEED—*Delivered within Lifetime of Grantor—Evidence.* The evidence examined, and held to sustain the finding of fact that a deed was intended to be delivered and was delivered within the lifetime of the grantor.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed November 11, 1916. Affirmed.

*J. S. R. Worley*, and *Charles T. Meuser*, both of Paola, for the appellants.

*Bernard L. Sheridan*, and *Frank M. Sheridan*, both of Paola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to partition real estate. The decision turned on whether or not a deed had been delivered. Judgment was rendered for the defendants, and the plaintiffs appeal.

The land in controversy is a farm which at one time belonged to the wife of Daniel Beckley. Before her death she conveyed to her husband, she and her husband believing that this was a better way to dispose of property than by will. The conveyance was made with the understanding that the farm

should become the property of a son, Fred Beckley, one of the defendants, at Daniel Beckley's death. After the death of his wife, Daniel Beckley expressed a purpose to carry out his wife's wishes. During an illness which proved to be his last, Daniel Beckley called a conveyancer to his house and caused two deeds to be prepared which he executed and acknowledged on May 14, 1914. One conveyed the farm to Fred Beckley and the other conveyed other real estate to his son, Clint Beckley, and to the children of a deceased son. After the deeds were executed Daniel Beckley gave them to the conveyancer and told him to keep them for the grantees, and when he got worse to record them. The following are some of the questions propounded to the conveyancer at the trial, and his answers:

"Q. And you say he told you to keep the deeds for these parties and to record them when he got worse? A. Yes, sir.

"Q. And you did it? A. I done so.

"Q. At the time that the deed was executed, you say that Daniel Beckley gave them to you, gave this deed to Frederick Beckley and told you to record it if he got worse? A. Yes, sir, the two deeds.

"Q. Now, Mr. Campbell, at the time that this deed was executed, the one of Daniel Beckley to Fred Beckley, did Mr. Beckley make any explanation to you as to why he did n't want the deed recorded until he should become worse? A. All he told me was to hold those deeds and when he got worse, record them for him.

"Q. That is, to hold them for who,—did he say who to hold them for? A. For Mr. Fred and Mr. Clint and James' heirs; those two deeds.

"Q. I wish you would tell this court what Daniel Beckley said to you at that time with reference to that part of it. A. Mr. Beckley told me the reason why he had made the deed out to Mr. Fred Beckley was from the fact that he had paid two mortgages off for Mr. Clint Beckley and had paid him some money and he said he wanted this deed made to Fred for it was rightly due him and that home place.

"Q. When you say the home place, do you mean the farm? A. Yes, sir.

"Q. In his talk did he say anything why he did n't want the record made of them earlier than that? A. He said he did n't want any trouble and he would prefer not to have them recorded until he got worse.

THE COURT: I would like to have Mr. Campbell state as near as he can the language used when these deeds were delivered to you by Mr. Beckley.

"A. Mr. Beckley told me to take those deeds and keep them until he got worse and when he got worse he told me to have those deeds recorded. Those are the words of Mr. Beckley as near as I can remember, at the present time.

By MR. SHERIDAN:

"Q. And you did that? A. Yes, sir."

The conveyancer also testified that Daniel Beckley said nothing about the deeds being returned to him if he got better. The conveyancer inquired concerning Daniel Beckley's physical condition of a physician who saw him sometimes several times a day, and on July 17, 1914, he recorded the deeds. Daniel Beckley died on July 29, 1914.

The court made the following finding of fact:

"I find that it was the intention of Daniel Beckley to make delivery of the deed to Fred Beckley in his lifetime by having the same recorded, and that said deed was filed for record by William Campbell according to the directions of Daniel Beckley in his lifetime."

The conclusion was that the deed to Fred Beckley was legally delivered.

The court does not regard it as open to serious dispute that the finding of fact is sustained by the evidence, that the conclusion of law is correct, and that the deeds were not testamentary in character.

The judgment of the district court is affirmed.