Mahoney v. Mahoney.

---

No. 24,032.

MICHAEL MAHONEY et al., *Appellants,* v. PHILLIP MAHONEY et al., *Appellees.*

SYLLABUS BY THE COURT.

DEED—*Delivery Before Death of Grantor.* There was evidence to support the finding of the trial court that certain warranty deeds were delivered to the grantees by depositing the deeds in a bank with instructions to deliver them to the grantees on the death of the grantor.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed December 9, 1922. Affirmed.

*F. M. Pearl, Paul B. Bailey,* both of Hiawatha, *John C. Mullin, C. L. Dort, Jean B. Cain,* all of Fall City, Neb., and *Lloyd Dort,* of Pawnee City, Neb., for the appellants.

*W. F. Means,* and *W. E. Archer,* both of Hiawatha, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action is one in ejectment, for an accounting for rents and profits, and for the partition of real property. Judgment was rendered in favor of the defendants, and the plaintiffs appeal.

A jury was waived, and trial was by the court. The judgment contains special findings of fact, in part, as follows:

"The defendants introduced their evidence and rested, and after argument of counsel the court being fully advised in the premises, finds that Catherine Mahoney died on the 10th day of January, 1921, testate, a resident of Brown county, Kansas, and that her last will and testament was duly and legally admitted to probate and record in the Probate court of Brown county, Kansas, and that ever since the admission to probate as aforesaid, it has been and is now in full force and effect.

"That on the 11th day of July, 1917, and for a long time prior thereto, said Catherine Mahoney was the owner in fee simple and in possession of [certain real property in controversy].

". . . That on the 11th day of July, 1917, she made and executed her certain warranty deed to Mary Mahoney, Margaret Mahoney, and Catherine Mahoney, . . . and delivered the same to The Morril & Janes Bank of Hiawatha, Kansas, to be delivered by said bank to said Mary Mahoney, Margaret Mahoney, and Catherine Mahoney at her death.

"And on said 11th day of July, 1917, said Catherine Mahoney made and executed her certain warranty deed to said defendants, Jeremiah Mahoney and William Mahoney, . . . and delivered said deed to The Morrill & Janes Bank of Hiawatha, Kansas, to be delivered by said bank to said defendants, Jeremiah Mahoney and William Mahoney, at her death.

"That on said 11th day of July, 1917, said Catherine Mahoney made and executed her certain warranty deed to said defendant Phillip Mahoney . . . and delivered said deed to The Morrill & Janes Bank of Hiawatha, Kansas, to be delivered by said bank to said defendant, Phillip Mahoney, at her death.

"The court further finds that upon the death of said Catherine Mahoney as aforesaid, said bank did deliver and caused to be delivered all of said deeds to the respective grantees in said deeds mentioned and named, and that ever since the death of said Catherine Mahoney, said defendants and each of them have been and are now in the lawful possession of their respective pieces and parcels of land above described and set forth and that by reason of the making, executing and delivering of said deeds as aforesaid, said defendants are the owners in fee of the above respective pieces and parcels of land above described and as set forth in said deeds and entitled to the possession of the same, and that said plaintiffs have no right, title, interest or estate in and to said above-described real estate or any part thereof, and that said plaintiffs are not entitled to recover herein in ejectment or for partition as prayed for."

Mahoney v. Mahoney.

The plaintiffs in their brief state—

"The important question for the court to decide is whether or not the appellees are vested of such interest in this property under the deeds in question as to bar the appellants from the shares in the real estate which would fall to them by virtue of the law in the event of the death of Mrs. Mahoney intestate as to the real estate."

This depends on the delivery of the deeds. Was there such a delivery as passed title from Catherine Mahoney to the grantees named therein? The court found that there was. If that finding was supported by evidence, it is conclusive in this court and ends this lawsuit.

A codicil to the will of Catherine Mahoney was made at the same time that the deeds were signed. That codicil, in part, reads:

"I have this day made, executed and delivered to be held and delivered by The Morrill & Janes Bank of Hiawatha, Kansas, three certain warranty deeds, relating to and effecting the conveyance of the lands described in said three deeds to the grantees named therein, which said deeds are intended and do convey the said lands to the several grantees respectively as in said deeds named. Hereby annulling and making void said will and the first codicil thereto as the same may relate to the land so described in said will and said deeds."

The deeds and the codicil were written in the office of the probate judge of Brown county, under his direction, at the request of Catherine Mahoney. Each deed was placed in a separate envelope with instructions respectively, as follows:

"To the Morrill and Janes Bank, Hiawatha, Kans. The enclosed deed is delivered to you for [the grantees named in the deed] to be by you delivered to [grantees in the deed] at my death, or in case of his death to be delivered to his heirs."

There was a slight difference in the wording of the instructions but the meaning of each was the same as that of the others. The three deeds were placed in another envelope, which was sealed and taken to the bank named and given to the president of the bank. The outside envelope had an endorsement on it substantially as follows:

"This envelope contains will of Catherine Mahoney, also three envelopes containing deeds, to be delivered upon notice of decease of testator. Deeds and will delivered to Morrill & Janes Bank in our presence, July 11, 1917, Nannie Ham, Margaret Mahoney, Mary Mahoney."

The bank, after the death of Catherine Mahoney, delivered the entire package unopened to the probate judge, who opened it and,

under the directions of the bank, delivered the deeds to the grantees therein named. The larger envelope contained the will of Catherine Mahoney. That will is not in controversy in this action and is important only for the terms of the codicil written on the day the deeds were signed. The evidence supported the finding that the deeds had been delivered. This case is very similar to *Norton v. Collins,* 81 Kan. 33, 105 Pac. 26; *Elliott v. Hoffhine,* 97 Kan. 26, 154 Pac. 225; and *Beckley v. Beckley,* 99 Kan. 85, 160 Pac. 999.

Other questions were presented on the oral argument, but they are not discussed in the briefs. Presumably, they were not presented to the trial court.

The judgment is affirmed.